UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS P. BUSH,

        Petitioner,         Case No. 1:13-cv-518

v.         Honorable Paul L. Maloney

STEVEN RIVARD,

        Respondent.
_____/

**OPINION**

This purports to be a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a claim that is cognizable on habeas review.

---

[1] Petitioner titles his action as a "Petition Under 28 USC 2254 for Writ of Habeas Corpus by a Person in State Custody." (Pet., docket #1, Page ID#1.) On the same page, however, Petitioner indicates that the action is both a petition under 28 USC § 2254 and a petition under "Rule 60(b)(d)(3)" of the Federal Rules of Civil Procedure., and he references a previously dismissed civil rights case filed in this Court. *See Bush v. Hutchenson et al.*, No. 1:12-cv-336 (W.D. Mich. May 12, 2012). The instant action has been docketed as a habeas corpus action under § 2254, in accordance with the title of Petitioner's pleading and his use of the format of a habeas petition.

**Factual Allegations**

Petitioner Douglas P. Bush presently is incarcerated at the St. Louis Correctional Facility. He currently is serving a prison term of three years and nine months to twenty years, imposed by the Montcalm County Circuit Court on October 5, 2001, after a jury convicted Petitioner of one count of first-degree criminal sexual conduct involving a person under 13 years of age, MICH. COMP. LAWS § 750.520b(1)(A).

Petitioner does not challenge his conviction or sentence imposed by the Montcalm County Circuit Court.[2] Instead, Petitioner collaterally challenges the legality of this Court's decision to dismiss Plaintiff's 2012 civil rights action, in which he alleged that prison medical providers had deprived him of necessary alternative medicines and supplements. *See Bush v. Hutchenson et al.*, No. 1:12-cv-336 (May 12, 2012). Plaintiff complains that the dismissal denied his rights to due process and equal protection, constituted a fraud upon the court, and obstructed justice.

**Discussion**

Petitioner fails to raise a claim cognizable in a habeas proceeding. To the extent that Petitioner seeks to challenge the result of this Court's decision in *Bush v. Hutchenson*, No. 1:12-cv-336, his petition must be construed as an improper attempt to seek relief from judgment or an improper appeal from a decision in a separate case. Had Petitioner wished to seek relief from the Court's judgment in *Hutchenson*, he should have filed a motion in that case or filed an appeal of the Court's decision to the Sixth Circuit. Petitioner, in fact, filed a motion for relief from judgment in that case, presenting substantially the same arguments as he presents here. *See id.* (docket #10). His

---

[2]Had he done so, his action would have been a second or successive petition and would have been transferred to the Sixth Circuit as required by 28 U.S.C. § 2244(b)(3), because Petitioner has previously has filed a habeas action challenging his conviction, which was denied on the merits. *See Bush v. Renico*, No. 2:04-cv-74609 (E.D. Mich. Oct. 4, 2005).

motion was denied for lack of merit. *Id.* (docket #11). Petitioner, however, made no attempt to appeal the result to the Sixth Circuit. He may not now collaterally attack that result in an independent action.

Further, where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Petitioner, however, does not seek release from custody, nor did the Court's dismissal of his civil rights action affect the duration of his custody. Habeas corpus is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). As a result, to the extent that Petitioner raises claims relating to his conditions of confinement or seeks to appeal the dismissal of those claims, he fails to state a claim cognizable on habeas review, because his claims "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz*, 476 F. Supp. 2d at 718 (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)).

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a claim that is cognizable on habeas review.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  June 12, 2013                               /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    Chief United States District Judge